### 37973. COHEN v. THE STATE.

GARDNER, Presiding Judge. 1. This case is related closely to *Cohen* v. *State*, ante. In that case a ruling on the demurrers and the motion to quash the indictment is authority for sustaining the judge's ruling in regard to the demurrers and the motion to quash in the instant case. The trial judge did not err in the rulings on these points.

2. Special ground 1 assigns error on practically the same ground as covered in special ground 2 in that case, to which reference is made above. There is no merit to the assignment of error set out in special ground 1.

3. Special ground 2 assigns error because it is alleged that certain material evidence was illegally admitted by the court over objection. When George Corn, sworn as a witness for the State, testified on redirect examination, the following questions were asked and the following answers elicited: "Q. When was it that you bought this other stock at $24 per share? A. Before that date or after? Q. Any time. A. They got a 1957 Mercury from me at $24 prior to that, and after that, there was another transaction of 200 more shares at $24 and a Chrysler at $24; that was the regular price from then on, $24, but they expected it to go up all along." Counsel for the defendant objected to the evidence at the time it was offered and contends that such evidence was irrelevant, immaterial, prejudicial, and put the defendant's character in issue without his first having put it in issue himself. In view of all the other testimony shown by this record we do not consider that the objection to the questions and answers in this special ground shows a basis for reversal. This special ground is not meritorious.

4. The evidence in this case shows that the defendant made false statements to George Corn to the effect that Continental Underwriters, Inc., was a solvent corporation and that the stock of said corporation was well worth the sum of $24 per share. By such false statements and untrue financial statement, as well as other circumstances involved herein, the said George Corn was induced to furnish to the defendant a large order of electric appliances and other merchandise to be given as prizes to the 250 stock salesmen employed by the corporation. The merchandise furnished by Mr. Corn is set out in the bill of indictment. The evidence developed the fact that Continental Underwriters, Inc., was an insolvent corporation without true value and that this fact was well known to Mr. Cohen and his agents but that the said George Corn believed the statements and parted with things of value because of such statements. There is sufficient competent evidence to show that all the elements involved in the crime of cheating and swindling were present. The special grounds are not meritorious.

The court did not err in any of the rulings made.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*

DECIDED JANUARY 15, 1960.

*John Bruner, William Hall,* for plaintiff in error.
*Sam P. Burtz, Solicitor-General, Jess H. Watson,* contra.